FLORIAN DEDEAUX *v.* LORANCE CUEVAS *et al.*

[64 South. 844.]

1. DEEDS. *Bona fide purchaser. Equitable title. Vendor and purchaser. Recordation of deed.*

    A purchaser of land only acquires an equitable interest, where his vendor did not hold the legal title, but only an agreement from the holder of the legal title to convey him the property.

2. BONA FIDE PURCHASER. *Recordation of deed. Code 1906, section 2788.*

    Section 2788, providing that every conveyance shall take effect as to all subsequent purchasers for a valuable consideration without notice, only from the time recorded, applies only where the purchasers for a valuable consideration without notice, therein referred to, are purchasers of the legal title or estate and not purchasers of a mere equitable title or estate.

3. VENDOR AND VENDEE. *Maxims.*

    In a contest between two purchasers each holding an equitable title to land the one first in time should prevail under the maxim, that where there is equal equity the first in time prevails.

4. SAME.

    In a contest between two purchasers each holding an equitable title to the land and one acquires the legal title also, he should prevail under the maxim that where there is equal equity the law prevails.

APPEAL from the chancery court of Harrison county. HON. T. A. WOOD, Chancellor.

Bill by Florian Dedeaux against Lorance Cuevas and others. From a decree dismissing the bill and granting the relief prayed for in defendants' cross-bill, complainant appeals.

This suit was begun by a bill in chancery, filed by Florian Dedeaux against Lorance Cuevas and others, heirs at law of Mary Cuevas, for the purpose of canceling a deed from the Gulf Coast Lumber Company to Mary Cuevas, and to cancel all claim of right, title, and interest of the defendants, as heirs of said Mary Cuevas, to the property described in the bill. The record shows that complainant held a deed from the Gulf Coast Lumber Company, dated July 19, 1904, and filed for record on the same date. The deed from the Gulf Coast Lumber Company to Mary Cuevas was dated September 4, 1903, and filed for record April 20, 1907. The record also shows that the Gulf Coast Lumber Company did not hold the legal title to the land in controversy, but only held an agreement from J. T. Jones, the holder of the legal title, to convey said property. On October 24, 1908, after this suit had been filed, J. T. Jones executed a quitclaim deed to Mary F. Cuevas, her heirs and assigns, which recited that said Jones had contracted to sell the Gulf Coast Lumber Company the land in question, and, whereas, the said Gulf Coast Lumber Company had afterward executed a deed to Mary F. Cuevas to said land, therefore, in consideration of one dollar, the grantor quitclaimed the land to Mary F. Cuevas, her heirs and assigns. The defendants answered, setting up the above facts, and made their answer a cross-bill, praying that the claim of title of appellant be canceled as a cloud. The chancellor dismissed the appellant's bill, and granted the relief prayed in the cross-bill.

It is insisted by appellant that, since his deed from the Gulf Coast Lumber Company was filed for record prior to

the deed of appellees, his title is superior, since both deraigned title from the Gulf Coast Lumber Company, the common source, and that, since he is a purchaser for value without notice, section 2788 of the Code of 1906 controls. Said section provides: ''Every conveyance, covenant, agreement, bond, mortgage and deed of trust shall take effect as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors, only from the time when delivered to the clerk to be recorded.'' Appellees contend that, since the only title which the Gulf Coast Lumber Company had to the land in question was an equitable title, their deed from the Gulf Coast Lumber Company, being first in time, entitles them to prior equity; they having subsequently also acquired the legal title.

*Mize & Mize,* attorneys for appellant.

*M. B. Brown,* attorney for appellees.

The record has been lost in this case.

SMITH, C. J., delivered the opinion of the court.

The titles, if any, acquired by the parties hereto by reason of the purchases from the Gulf Coast Lumber Company, are equitable and not legal, consequently section 2788 of the Code has no application, for the reason that the ''purchasers for a valuable consideration without notice'' therein referred to are purchasers of the legal title or estate, and not purchasers of a mere equitable title or estate. *Wailes* v. *Cooper,* 24 Miss. 208.

The equities of all of the parties hereto being equal, that of appellees must prevail, for the reason that it was first in time, and for the further reason that they have also acquired the legal title. ''Where there are equal equities, the first in time shall prevail.'' ''Where there is equal equity, the law must prevail.''

*Affirmed.*